# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| WILLIAM BURKE,<br><br>*Plaintiff*,<br><br>v.<br><br>Judge ROBERT CHASTEEN, JR., *et al.*,<br><br>*Defendants*. | CIVIL ACTION NO.<br>5:22-cv-00161-TES-CHW |

### ORDER

Before the Court is *pro se* Plaintiff William Burke's untimely Objection [Doc. 14] to the Magistrate Judge's Report and Recommendation [Doc. 10] that the Court adopted on September 19, 2022. *See* [Doc. 11]. Plaintiff was given 14 days to file objections or seek an extension to file objections to the Recommendation.[1] [Doc. 10, p. 18]. The Court did not receive Plaintiff's unsigned Objection [Doc. 13] until September 23, 2022, eight days late. The Court did not receive Plaintiff's signed Objection [Doc. 14] until September 29, 2022, two weeks late. Because Plaintiff filed his objections late, and the prison mailbox rule doesn't save Plaintiff, the Court disregards the Objection.

The prison mailbox rule provides that a *pro se* prisoner's document is deemed filed on the date the prisoner delivers the document to prison authorities for delivery

---

[1] The Magistrate Judge issued his Recommendation on August 26, 2022. *See* [Doc. 10]. The 14-day period for filing objections ended on September 15, 2022, which includes 6 days to account for mailing. *See* Fed. R. Civ. Pro. 6(d).

rather than on the date the document is received by the Court. *Houston v. Lack*, 487 U.S. 266, 270–71 (1988); *see also Garvey v. Vaughn*, 993 F.2d 776, 783 (11th Cir. 1993) (holding that for *pro se* prisoners, "*the date of filing shall be that of delivery to prison officials of a complaint or other papers destined for district court for the purpose of ascertaining timeliness*" (emphasis in original)). The rule protects prisoners who "cannot take the steps other litigants can take to monitor the processing of their [filings] and to ensure that the court clerk receives and stamps [them] before the . . . deadline" and who "have no choice but to entrust the forwarding" of their filings "to prison authorities whom [they] cannot control or supervise and who may have every incentive to delay." *Houston*, 487 U.S. at 271. When Plaintiff filed his initial objections, he didn't sign it. So, the Court couldn't accurately date his filing. But that wasn't his biggest problem.

The prison mailbox rule does not apply to documents mailed from outside the prison. *Garvey*, 993 F.2d at 782 n.15 ("*Houston* is restricted to federal *court* filings; a notice of appeal given to prison authorities for delivery to a person or entity other than a federal court is not included in '*Houston's* mailbox rule.'" (emphasis in original)); *see also Houston*, 487 U.S. at 272–73 (holding that the mailbox rule would only apply if the notice of appeal was delivered to prison authorities to be forwarded to the district court); *Wilder v. Chairman of Cent. Classification Bd.*, 926 F.2d 367, 370 (4th Cir. 1991), *cert. denied*, 502 U.S. 832 (1991) (holding that the mailbox rule would not apply where

prisoner delivered notice of appeal to a friend who was supposed to forward notice to district court).

Here, the envelope that Plaintiff (or, perhaps, a friend of his) used to mail his original objections lists the origin as Cartersville, Georgia. [Doc. 13-1]. Plaintiff is housed at Dooly State Prison in Unadilla, Georgia—over 150 miles south of Cartersville.[2] The origin information on the envelope shows that these documents were not delivered to prison authorities but were instead mailed from outside of the prison system using USPS priority 1-day mail at a cost of $26.95. [Doc. 13-1].

Since Plaintiff chose to mail his documents outside the prison system, and some outside person necessarily mailed them, Plaintiff cannot benefit from the prison mailbox rule. *Houston*, 487 U.S. at 272–73; *Garvey*, 993 F.2d at 782 n.15. The policies underlying the prison mailbox rule are simply not implicated when someone outside the prison mails a prisoner's documents directly to a court on their behalf.

The Clerk's office noted that Plaintiff failed to sign his initial objections, rejected the filing, and issued a notice of deficiency, requiring him to send in a signed copy. Following the Clerk's notice of deficiency, Plaintiff re-filed his signed Objection [Doc. 14] on September 29, 2022—now a full two weeks past the deadline. This time, he used the prison mail system and noted that he assumed that the "post mark date precedes

---

[2] The Court takes judicial notice of this fact. *See* Fed. R. Evid. 201(b)(2) (noting that a court may take judicial notice of a fact whose accuracy "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

3

the closing date of 9-19" or the clerk would not have had him resend a signed document. [Doc. 14-2]. As the Court previously explained, Plaintiff filed his original objections late and the prison mailbox rule didn't apply to make them timely. He also submitted his second, properly signed objections, late. And, while the prison mailbox rule applied so that the Court considered them filed when he delivered them to prison authorities for mailing, he was still woefully late.

Simply put, Plaintiff's objections—signed or unsigned—are late. As such, the Court will not consider his objections and the judgment stands as ordered. *See* [Doc. 11]; [Doc. 12].

**SO ORDERED**, this 29th day of September, 2022.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**